Eugene Marquez (18079)
**MARQUEZ LAW OFFICE**
925 West Baseline Rd., Suite 105-255
Tempe, Arizona 85283
Telephone: (602) 330-3611
eugenemarquezlaw@gmail.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Carlos Abraham Uriarte-Oropeza,<br><br>Defendant. | Case No. CR-22-1588-PHX-DJH<br><br>**OBJECTIONS TO PRESENTENCE REPORT** |

Carlos Uriarte-Oropeza, through counsel, hereby submits the instant objections to the presentence report (PSR) that has been prepared in this case. The objections are:

1. **The Base Offense Level Should Be 12, Not 20, Because Mr. Uriarte Was Not a Prohibited Possessor**

The PSR incorrectly imputes a base offense level of 20 on the grounds that Mr. Uriarte was a prohibited possessor because he used marijuana approximately 3 times per week during the times surrounding the instant offense and admitted during

his initial pretrial interview that he used marijuana daily for the past year, which would include the dates in which he purchased the firearms. ¶ 21, PSR.

While it is true that 18 U.S.C. § 922 (g)(3) defines a prohibited possessor as "…an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))", there is no indication that Mr. Uriarte was using, or was under the influence, at the time of the instant offense or on the 3 occasions he purchased firearms. In other words, there is no nexus connecting his use of marijuana and the offenses of illegally purchasing the firearms. Neither was there a diagnosis of him being a marijuana addict at the time of the offenses. The diagnosis that he has "a severe cannabis disorder", referenced in ¶ 21 of the PSR, is based on an assessment at Community Bridges on November 18, 2024 – 7 years after the instant offense. This diagnosis, about 7 years after the offense, does not support the proposition that he was an addict at the time of the offense. Therefore, the base offense level should be twelve and not twenty.

**2. There Was No Knowledge or Reason to Know the Firearms Were Being Transported Out of the United States**

Paragraph 21 PSR also ascribes a four-level increase on the premise that Mr. Uriarte had knowledge or reason to believe that the firearms would be transported out of the United States. There is no indication that Mr. Uriarte had any reliable information that the firearms would be sent to Mexico. Relevant portions of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) report reveal that Mr.

Uriarte did not possess the knowledge or reason to believe that the firearms would be sent to Mexico. In his interview with the agents on February 18, 2018, Mr. Uriarte informed that Jaime Gaxiola, Jr. would provide Mr. Uriarte with the money to buy the firearms, that the two of them would return to Mr. Gaxiola's home in San Luis, Arizona, and that Mr. Gaxiola informed that the firearms where for Mr. Gaxiola and a friend of his. Not knowing the extent or purpose of the criminal enterprise, he had no reason to believe that that the firearms were being sent to Mexico. From Mr. Uriarte's perspective, he was simply attempting to make a total of $300 for the Christmas season, as he was paid $100 for each purchase in December 2017. He did not consider that Mr. Gaxiola was involved in a much larger enterprise of sending firearms to Mexico. Thus, the four-level adjustment should not apply.

**3. The PSR Fails to Assess a Reduction for Acceptance of Responsibility**

In ¶ 28, the PSR indicates that Mr. Uriarte has not clearly demonstrated.

acceptance of responsibility for the offense. Mr. Uriarte respectfully disagrees. First, during his statements to the agents on February 13, 2018, he confessed to committing false statements in ATF Form 4473 and admitted that he was buying the guns for Jaime Gaxiola, Jr. Second, he admitted during the change of plea hearing to the crimes and admitted to a specific factual basis. Third, during the presentence interview, he again admitted his involvement and circumstances surrounding why he became involved in the crime. This is a clear acceptance of responsibility.

In ¶ 17, the PSR indicates that because he failed to appear for a status hearing and was on warrant status for 11 months, which has resulted in a two-level upward adjustment for obstruction of justice, he is not entitled to a reduction for acceptance of responsibility. This is not correct. The application of an adjustment for the obstruction of justice does not preclude an adjustment of acceptance of responsibility. *See United States v. Hopper,* 27 F.3d 378 (9th Cir. 1994). In *Hopper*, the sentencing court applied both – an increase for obstruction of justice and a decrease for acceptance of responsibility. *Id.* Put differently, the application of § 3C1.1 for obstruction of justice does not cancel out the application of a decrease for acceptance or responsibility under § 3E1.1. *See also United States v. Johnson*, 956 F.2d 894, 904-905 (9th Cir.1992) (concluding defendants who genuinely accepted responsibility by statements made after their convictions were entitled to a two-level reduction). Here, Mr. Uriarte has essentially fallen on his sword and has fully accepted responsibility for his actions. A three-level reduction is therefore merited.

**4. The PSR Fails to Assess a Minor Role Adjustment Pursuant to § 3B1.2 of the United States Sentencing Guidelines**

A minor role adjustment is appropriate in this case. Application Note 3 of U.S.S.G. § 3B1.2 provides detailed guidance regarding the determination of a mitigating role adjustment. Where the defendant acted merely as a courier in a crime, a mitigating role adjustment may be applied. U.S.S.G. § 3B1.2 (n. 3(A)). Application Note 3(C) provides a non-exhaustive list of five factors to determine whether, based

on the totality of the circumstances, a mitigating role adjustment is appropriate. These factors require consideration of the degree to which the defendant:

i. Understood the scope and structure of criminal activity;

ii. Participated in planning or organizing the criminal activity;

iii. Exercised decision-making authority or influenced the exercise of decision-making authority;

iv. Participated in the commission of the criminal activity, including the responsibility and discretion the defendant had in his performance of acts in furtherance of said criminal activity; and

v. Benefitted from the criminal activity.

A defendant "who is simply paid to perform certain tasks" but has no proprietary interest in the criminal activity "*should* be considered for a [mitigating role] adjustment under this guideline." U.S.S.G. § 3B1.2 (n. 3(C)) (emphasis added). To be sure, "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." *Id.* The two-level downward adjustment pursuant to § 3B1.2(b)—which is supported by the totality of the circumstances in Mr. Uriarte's case — "applies to a defendant . . . who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." § 3B1.2 (n. 5).

Applying this analysis to the instant case clearly establishes that Mr. Uriarte is eligible for a mitigating role adjustment. First, his knowledge of the scope and structure of the criminal activity was limited to his own involvement as a low-level purchaser. There is no evidence that he had a role in planning or organizing criminal activity. As a straw purchaser, Mr. Uriarte did as he was requested by Jaime Gaxiola, Jr. His role was entirely disposable; he was a fungible helper, paid by a more culpable individual who was delivering the firearms to Mexico. As a straw purchaser, Mr. Uriarte's benefit was $100 he earned on each of the three purchases. He clearly was not a leader, organizer, manager, or a supervisor.

Therefore, consistent with the facts and circumstances of the offense, his role was limited to that of a straw purchaser and should receive a two-level minor role adjustment.

If the Court sustains the above objections the total adjusted offense level should be:

| | |
|---|---|
| Base Offense Level: | 12 |
| Firearms (3): | +2 |
| Obstruction of Justice: | +2 |
| Minor Role: | -2 |
| Acceptance of Responsibility: | -3 |
| Total Adjusted Offense Level: | **11** |

RESPECTFULLY SUBMITTED: 24 April 2025

MARQUEZ LAW OFFICE

By /s/ *Eugene Marquez*
Eugene Marquez
Attorney for Defendant

CERTIFICATE OF SERVICE

I certify that on this day I electronically transmitted the attached to the Clerk of the United States District Court (Arizona) using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Glenn McCormick
Assistant United States Attorney
Phoenix, Arizona