Eugene Marquez (18079)
**MARQUEZ LAW OFFICE**
925 West Baseline Rd., Suite 105-255
Tempe, Arizona 85283
Telephone: (602) 330-3611
eugenemarquezlaw@gmail.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Carlos Abraham Uriarte-Oropeza,

Defendant.

Case No. CR-22-1588-PHX-DJH

**SENTENCING MEMORANDUM**

Defendant Carlos Uriarte-Oropez, through counsel, respectfully requests that the Court impose a sentence of time served followed by three years of supervised release. This recommendation aligns with the principles of 18 U.S.C. § 3553(a), particularly his limited role in the offense, his age at the time of the offense and the need for just punishment.

## I. The Nature and Circumstances of the Offense

Carlos Uriarte was charged with and pleaded guilty to the crime of conspiracy to make a false statement in the acquisition of firearm. Specifically, he made three purchases of firearms on behalf of his co-defendant Jaime Gaxiola, Jr. Notably, Mr. Uriarte's involvement was limited only to the 3 purchases. He knew no one above Mr. Gaxiola and did not know that Mr. Gaxiola was engaged in trafficking firearms. Later, after becoming suspicious due to Mr. Gaxiola's elusive behavior, Mr. Uriarte immediately stopped making further purchases. He has fully accepted responsibility for this crime and understands the gravity of the crime.

## II. Defendant's Background

Mr. Uriarte grew up in the Yuma area. He was raised by both parents and later by his mother, after his father passed away in 2014. He has five siblings and all members of the family are close and supportive of each other.

At the time the crime was committed, he was 25 years old. Based on his assessments at Community Bridges, he does have some mental health problems, particularly with respect to anxiety and addictions. He has been attending mental health therapy, specifically meetings, and has benefited from the meetings. Throughout this case, he has maintained employment. His future goal is to obtain a contractor's license. It is important to also note that he has no criminal history, this case being his first conviction.

**III. A Reasonable Sentence**

The Court shall impose a sentence that is "sufficient, but not greater than necessary" to meet the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The statute sets forth several factors that the Court shall consider, including the history and characteristics of the defendant. See 18 U.S.C. § 3553(a), (a)(1). And courts must recognize that every case is a "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)).

Relevant to Mr. Uriarte's case, research has shown that brain development continues until a person's mid-20s on average, potentially contributing to impulsive actions and reward-seeking behavior. *See, e.g.*, U.S. Sent'g Comm'n, *Youthful Offenders in the Federal System* 6-7 (2017); Daniel Romer, et al., *Beyond Stereotypes of Adolescent Risk-Taking: Placing the Adolescent Brain in Developmental Context*, 27 Developmental Cognitive Neuroscience 19 (2017); Laurence Steinberg & Grace Icenogle, Using Developmental Science to Distinguish Adolescents and Adults in the Law, 1 Ann. Rev. Developmental Psych. 21 (2019). The U.S. Sentencing Commission recognizes that a downward departure may be warranted in cases in which the defendant was youthful at the time of the instant

offense or any prior offenses. U.S.S.G. § 5H1.1 (Age) (Policy Statement) (Apr. 5, 2024).

Here, during the commission of the offense, Mr. Uriarte was 25. He had recently finished high school and was unemployed. Needing money during the Christmas season, he impulsively agreed to buy 3 firearms on Mr. Gaxiola's behalf. He clearly did not consider the illegality of lying on ATF Form 4473 or the long-terms consequences of his actions, namely what the firearms were for or that he would be facing a felony on his record starting at a young age. It also appears that there was some trauma due to his father's death in 2014. The Presentence Investigation Report (PSR) correctly indicates that this was when his mother and family members started having financial difficulties. Mr. Uriarte would have been 17 at the time his father died. This also provides the Court some insight as to why he has present mental health challenges. Accordingly, it is urged that the Court vary downwardly to reflect his age at the time of the offense.

In terms of incarceration, Mr. Uriarte has spent 21 days in custody. Because he absconded during pretrial release, he spent time in custody. This had a strong impact on him. He saw how bleak his future could be if he were he to reoffend in the future. He was able to see the inside of Corecivic – his freedom was restricted, privacy was non-existent and lived among inmates. After seeing this, he became more determined to never commit a crime in the future.

Although he did violate the terms of pretrial release by living several months in San Luis, Mexico, it is important to note that he voluntarily turned himself in at the border. This decision to turn himself in was the result of self-analysis on his part. He knew that it was important to face the consequences of his actions and that the only responsible thing he could do for himself and his family was to face his legal problems. It is also important to note that his family also influenced his decision to self-surrender. This shows positive family support, and personal responsibility on Mr. Uriarte's part.

Finally, it is urged that the Court consider the sentences imposed in related cases listed on page 2 of the PSR. A sentence of probation, or time served, followed by supervised release would be appropriate in Mr. Uriarte's case.

RESPECTFULLY SUBMITTED: 29 April 2025

MARQUEZ LAW OFFICE

By /s/ *Eugene Marquez*
Eugene Marquez
Attorney for Defendant

CERTIFICATE OF SERVICE

I certify that on this day I electronically transmitted the attached to the Clerk of the United States District Court (Arizona) using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Glenn McCormick
Assistant United States Attorney
Phoenix, Arizona